UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REYNARD FRICK  (#475403)

VERSUS                                                    CIVIL ACTION

STATE OF LOUISIANA, ET AL                    NUMBER 07-779-JVP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 22, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


REYNARD FRICK  (#475403)

VERSUS                                                    CIVIL ACTION

STATE OF LOUISIANA, ET AL                  NUMBER 07-779-JVP-DLD


<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the defendants' Motion to Dismiss.  Record document number 19.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Rayburn Correctional Center, Angie, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Hunt Correctional Center Warden Cornel Hubert, Capt. Brown, Dr. Hegman, and Classification Director Beal.  Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Defendants State of Louisiana, Richard Stalder and Cornel Hubert moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

_____

[1] Record document number 19.

A.     **Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other  Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Rule 12(b)(6), Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  In *Bell Atl. Corp. V. Twombly*, — U.S. —, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *id.* at 1965 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. V. Twombly*, 127 S,.Ct. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there was no "probability requirement at the pleading stage," *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, but "something beyond ...

2

mere possibility ... must be alleged," *id.* at 1966.  The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id.* at 1965, or must be sufficient "to state a claim for relief that is plausible on its face," *id.* at 1274.  The Court referred to this newly-clarified standard as "the plausibility standard."  *id.* at 1968 (abandoning the "no set of facts" language from *Conley v. Gibson*).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 127 S.Ct. at 2200; *see also Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965.

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

### 1.  Eleventh Amendment Immunity

#### a.  State of Louisiana

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.  The shield of immunity extends to the Louisiana

3

Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

### b. Secretary Stalder and Warden Hubert

Plaintiff brought this action against the defendants in both their individual and official capacities. Defendants Stalder and Hubert moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. However, a state official in his or her official capacity, when sued for

4

injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights.  However, the plaintiff did not seek prospective injunctive relief therefore his claims against defendants Stalder and Hubert in their official capacities is not actionable under § 1983.

### 2.    Qualified Immunity

Defendants Stalder and Hubert argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).  If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated.  *Anderson v.*

5

*Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).  The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law.  *Id.*, at 639, 107 S.Ct. at 3038.  The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal.  Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable.  *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

Plaintiff alleged that on November 13, 2006, he was transferred to Hunt Correctional Center.  Plaintiff alleged that he was screened by medical and classification personnel regarding his placement in the Impact Program.  Plaintiff alleged that he advised Classification Director Beal that he would not be able to participate in the Impact Program because years earlier he had undergone surgeries on his back and knee.[2]  Plaintiff alleged that Beal forced him to participate in the Impact Program by placing him in the Phoenix Building.[3]  Plaintiff alleged that he attempted to participate in the program but was removed when he was injured.[4]  Plaintiff alleged that Secretary Stalder and Warden Hubert were

---

[2]  Memorandum in Support of Complaint, record document number 2.

[3]  *Id.*

[4]  *Id.*

6

responsible for the actions of their subordinates.[5]

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an  inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id.*

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that Secretary Stalder and Warden Hubert are responsible for the actions of their subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Plaintiff's allegations against the State of Louisiana, former Secretary Richard Stalder and Warden Cornel Hubert are insufficient to state a claim upon which relief can be granted.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted and the claims against the State of Louisiana, Richard Stalder and Cornel Hubert be dismissed and this matter be referred back to the magistrate judge for

---

[5] *Id.*

further proceedings.

Signed in Baton Rouge, Louisiana, on April 22, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**