UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


REYNARD FRICK  (#475403)

VERSUS                                                      CIVIL ACTION

STATE OF LOUISIANA, ET AL                   NUMBER 07-779-JVP-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on April 17, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REYNARD FRICK  (#475403)

VERSUS                                                                                  CIVIL ACTION

STATE OF LOUISIANA, ET AL                                              NUMBER 07-779-JVP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss filed on behalf of Dr. Michael Hegmann. Record document number 41.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Rayburn Correctional Center, Angie, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Hegman, Capt. Brown and Classification Director Beal.[2]  Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Dr. Michael Hegmann[3] moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

**A.     Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion

---

[1]  Record document number 43.

[2]  Plaintiff's claims against the State of Louisiana, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder and Hunt Correctional Center Warden Cornel Hubert were previously dismissed.  Record document number 28.

[3]  Capt. Brown and Classification Director Beal were not served with the summons and complaint and did not participate in the defendant's motion to dismiss.

> of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Rule 12(b)(6), Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *id.* at 1965 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Erickson v. Pardus*, 551 U.S. 89, __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 127 S,.Ct. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there was no "probability requirement at the pleading stage," *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, but "something beyond ... mere possibility ... must be alleged," *id.* at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id.* at 1965, or must be sufficient "to state a claim for relief that is plausible on its face," *id.* at 1274. The Court

referred to this newly-clarified standard as "the plausibility standard." *id.* at 1968 (abandoning the "no set of facts" language from *Conley v. Gibson*).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. at 2200; *see also Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965.

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

Plaintiff alleged that on November 13, 2006, he was transferred to Hunt Correctional Center. Plaintiff alleged that he was screened by medical and classification personnel regarding his placement in the Impact Program. Plaintiff alleged that he advised Classification Director Beal that he would not be able to participate in the Impact Program because years earlier he had undergone surgeries on his back and knee.[4] Plaintiff alleged that Director Beal forced him to participate in the Impact Program by placing him in the Phoenix Building.[5] Plaintiff alleged that he attempted to participate in the program but was removed when he was injured.[6] Plaintiff alleged that on November 16, 2006, he was examined by a nurse who provided him with pain medication and crutches. Plaintiff alleged that he was not examined by a doctor nor were x-rays taken.

A prison official may be held liable under the Eighth Amendment for acting with

---

[4] Memorandum in Support of Complaint, record document number 2.

[5] *Id.*

[6] *Id.*

deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff's allegations against Dr. Hegman are insufficient to state a claim upon which relief can be granted against him.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted and this action be dismissed. It is further recommended that the claims against Capt. Brown and Classification Director Beal be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

Signed in Baton Rouge, Louisiana, on April 17, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**