UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2009 JUN -4  P 2: 18

SIGN
BY DEPUTY CLERK

REYNARD FRICK   (#475403)

VERSUS                                        CIVIL ACTION

STATE OF LOUISIANA, ET AL                     NUMBER 07-779-JVP-DLD

RULING

This matter is before the court on the plaintiff's Motion for Reconsideration which shall be treated as a motion for relief from judgment pursuant to Rule 60, Federal Rules of Civil Procedure. Record document number 49.

On May 14, 2009, judgment was entered dismissing this action and dismissing claims against Capt. Brown and Classification Director Beal pursuant to Rule 4(m), Fed.R.Civ.P.

On May 31, 2009, the plaintiff moved to have the entry of judgment set aside on the grounds that he submitted a summons for service of process on Brown and Beal and that the U.S. Marshal failed to effectuate service of process on these defendants.

A review of the Process Receipt and Return[1] showed that service was effectuated on defendants Stalder and Hubert on January 29, 2008.  The form further showed that service was not accepted on behalf of defendants Beal, Hegmann and Brown.  A notation in the remarks section of the Process Receipt and Return form stated that a first name was needed for Beal and Brown and that Dr. Hegmann

---

[1] Record document number 16.

retired in December, 2006. An order was subsequently entered ordering any defendant knowing a current residence, work or business address of Dr. Hegmann to provide it to the clerk of court under seal. Dr. Hegmann's address was filed and he was served with the complaint.

A review of the record showed that even though the plaintiff was placed on notice that the first names of defendants Beal and Brown were required in order to effectuate service of process by the U.S. Marshal, the plaintiff failed to provide the defendants' first names.

Plaintiff filed numerous exhibits with his motion but none of the exhibits provide the first names of defendants Beal and Brown and the exhibits fail to establish that the U.S. Marshal was derelict in effectuating service of process on these defendants.

Plaintiff has failed to satisfy the prerequisites necessary to be relieved from judgment. Accordingly, the plaintiff's motion for relief from judgment pursuant to Rule 60 is denied.

Baton Rouge, Louisiana, June 3, 2009.

James J. Brady
U.S. D.J. For

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE